# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON ALLIANCE OF ) <br> TECHNOLOGY WORKERS, ) <br> ) <br>      Plaintiff, ) <br> ) <br>      v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> HOMELAND SECURITY, ) <br> ) <br>      Defendant. ) | Civil Action No. 14-529-ESH |

## DEFENDANT'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION UNDER FED. R. CIV. P. 60(b)(6)
## FOR LIMITED RELIEF FROM THE COURT'S ORDER

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

LEON FRESCO
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Senior Litigation Counsel

By: *s/ Glenn M. Girdharry*
GLENN M. GIRDHARRY
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4807
Fax: (202) 305-7000
Email: glenn.girdharry@usdoj.gov

DATED:  January 14, 2016                    Attorneys for Defendant

INTRODUCTION

Before the Court is Defendant, United States Department of Homeland Security's ("DHS's") Motion for Limited Relief under Federal Rule of Civil Procedure 60(b)(6). Plaintiff has responded by editorializing on a myriad of immigration policy and other matters that fall outside the scope of DHS's motion for limited relief. The Court should reject Plaintiff's opposition brief in its entirety. As a threshold matter, the Court has jurisdiction to modify its order on August 12, 2015 and extend the stay of vacatur of the 2008 STEM OPT Extension rule by ninety (90) days through May 10, 2016. Moreover, extraordinary circumstances exist justifying the limited relief that DHS seeks under Rule 60(b)(6). The Court, therefore, should grant DHS's motion and extend the stay of vacatur through May 10, 2016.

In the event the Court denies DHS's Rule 60(b)(6) motion, the agency respectfully requests that the Court clarify that its vacatur will not affect the legal status of F-1 students holding unexpired employment authorization documents ("EADs") granted under the 2008 STEM OPT Extension rule, and their dependents. Such an order of clarification is appropriate in light of the interests of many F-1 students, their schools, and their employers, and would help DHS ensure that it is in full compliance with the Court's order. Moreover, it will assist interested parties greatly as this case continues to move forward.

Because vacatur of the 2008 STEM OPT Extension rule on February 12, 2016 will directly affect tens of thousands of F-1 students, along with hundreds of U.S. schools and technology sector employers, DHS respectfully requests the Court issue a decision on its Motion for Limited Relief under Rule 60(b)(6), ECF No. 47, as expeditiously as possible.

**ARGUMENT**

1.   **This Court has jurisdiction to modify its order staying vacatur of the 2008 STEM OPT Extension rule.**

As a general matter, the Court retains jurisdiction to modify the length of its stay issued August 12, 2015.  *See* Order, ECF No. 44.  A district court always retains jurisdiction to modify its own order concerning an injunction, regardless of the pendency of an appeal.  *See Cobell v. Norton*, 310 F. Supp. 2d 77 (D.D.C 2004); *accord Sec. Indus. Ass'n v. Bd. of Governors of the Fed. Reserve Sys.*, 628 F. Supp. 1438, 1440 n.1 (D.D.C. 1986) (noting that pending appeal district courts continue to "retain jurisdiction to . . . modify, restore, or grant injunctions").  Accordingly, district courts have routinely held that they retain jurisdiction pending appeal to issue orders *staying* or *modifying* forms of injunctive relief.  *See, e.g.*, *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988) (citing *Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985)).[1] That is the case here.  The Court retains jurisdiction to modify, if appropriate, its final order and injunction.  Moreover, DHS has complied with Fed. R. App. P. 8 by filing its Rule 60(b)(6) motion requesting an extension of the stay of vacatur in the district court.  On this basis alone, the Court should reject Plaintiff's assertion that jurisdiction is lacking.

Plaintiff also incorrectly asserts that Rule 62.1 applies here and prevents the Court from granting DHS's requested relief, unless the Court "obtains jurisdiction through remand[.]" ECF No. 49 at 11.  As the Advisory Committee notes accompanying Rule 62.1 explain, "[t]he rules that govern the relationship between trial courts and appellate courts may be complex, depending

---

[1] *See also West v. Keve*, 721 F.2d 91, 95 n.5 (3d Cir. 1983) (jurisdiction to review application for attorneys' fees); *Honeywell Int'l Inc. v. Nikon Corp.*, No. Civ. A 04-1337-JJF, 2010 WL 744535 (D. Del. Mar. 2, 2010) (jurisdiction to review motion to unseal).  Importantly, when a case is on appeal, there is no exhaustive list of "the only circumstances in which a district court retains power to act[.]"  *See Venen*, 758 F.2d at 117.

2

in part on the nature of the order and the source of appeal jurisdiction.  Rule 62.1 applies *only when those rules* deprive the district court of authority to grant relief without appellate permission." Fed. R. Civ. P. 62.1 adv. comm. notes (2009) (emphasis added); *see also* 11 Charles Alan Wright, Arthur R. Miller, May Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure § 2911 (3d ed. 2014).  Here, Plaintiff fails to point to any rule that would deprive this Court of jurisdiction to modify its own order entering a stay of vacatur of the 2008 STEM OPT Extension rule.  Moreover, even if Rule 62.1 applied, at best, it requires DHS to move first in district court to modify the Court's injunction, which no one disputes the agency has done.

Further, the Court has made clear the importance of preventing "substantial hardship for foreign students and a major labor disruption for the technology sector," ECF No. 43 at 36.  Based on this overarching concern, which Plaintiff does not even dispute, the Court can also exercise jurisdiction over DHS's Rule 60(b)(6) motion for prudential reasons that bear on the efficient determination of whether an extension of the stay of vacatur is warranted.  The supposed rule Plaintiff invokes is "a judge-made, rather than a statutory, creation that is founded on prudential considerations.  It is designed to prevent the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." *Mary Ann Pensiero*, 847 F.2d at 97.  Further, as "a prudential doctrine, the rule should not be applied when to do so would defeat its purpose of achieving judicial economy." *Id*. (citing *Venen*, 758 F.2d at 121); 9 J. Moore, B. Ward, & J. Lucas, Moore's Federal Practice para. 203.11, at 3-45 n. 1 (1987).  Here, having DHS's Rule 60(b)(6) motion pending simultaneously before this Court and the Court of Appeals for the D.C. Circuit would undoubtedly create confusion, inefficiency, and unnecessary delay that would defeat the

divestiture rule's purpose of achieving judicial economy and undermine prudential concerns. More importantly, such a situation would run contrary to the Court's express goal of preventing substantial hardship for foreign students and a major labor disruption for the technology sector as a decision on DHS's Rule 60(b)(6) motion would likely be pushed back beyond February 12, 2016. Similar prudential considerations, therefore, also provide the Court with a basis to exercise jurisdiction over DHS's Rule 60(b)(6) motion.

Accordingly, this Court has jurisdiction over DHS's Rule 60(b)(6) motion and the Court has the ability to modify its August 12, 2015 order and extend the stay of vacatur by ninety (90) days.

### 2. DHS has satisfied the requirements for limited relief under Rule 60(b)(6).

DHS's Rule 60(b)(6) motion and accompanying declarations, ECF Nos. 47, 47-1, 47-2, make clear that extraordinary circumstances exist justifying DHS's request for limited relief in the form of an extension of the stay of vacatur by ninety days. In its response brief, ECF No. 49, Plaintiff's subjective and inaccurate commentary on DHS's "strategic choices" and on perceived procedural faults in the 2008 Interim Final Rule ("2008 IFR") does nothing to change this.

DHS responded to the Court's Order on August 12, 2015 by expending significant agency-wide efforts to improve and strengthen the STEM OPT program. *See* "Improving and Expanding Training Opportunities for F-1 Nonimmigrant Students with STEM Degrees and Cap-Gap Relief for All Eligible F-1 Students," 80 Fed. Reg. 63,375 (Oct. 19, 2015) ("2015 NPRM"). During the thirty-day comment period on the 2015 NPRM, DHS received approximately 50,500 public comments from U.S. and foreign students, U.S. workers, schools and universities, professional associations, labor organizations, advocacy groups and businesses. *See* Canty Decl., ECF No. 47-1 at ¶ 11. The comments emphasized that agency personnel would

4

need time to provide additional training and guidance to interested parties within the regulated public.  This is why DHS seeks limited relief in the form of additional time – the agency seeks to extend the stay of vacatur by ninety days through May 10, 2016, to guard against the problems that a regulatory gap may cause and to ensure that the 2016 Final Rule is implemented in a comprehensive and effective manner.

Plaintiff misconstrues the scope of the problem a regulatory gap may cause.  Plaintiff focuses mainly on whether students with currently valid EADs issued under the 2008 IFR may continue to work after the vacatur has taken effect.  But consistent with the 2015 NPRM, DHS plans to soon issue a final rule with a transition process that would address the treatment of this population beginning on the final rule's effective date.  *See* 80 Fed. Reg. at 63,386.  As DHS noted at length in its Rule 60(b)(6) motion, however, the main problem is not the agency's ability to promptly issue a regulation honoring the EADs, but the ability to fully consider and respond to the unprecedented number of comments and provide sufficient time for a smooth transition to a new rule.  *See* ECF No. 47 at 5-8.  The more complex issues, which Plaintiff largely ignores, relate to students who will soon finish their post-completion OPT, and will have no regulation under which they and their families may remain in the United States.  *See* ECF No. 47 at 8-9; Canty Decl., ECF No. 47-1 at ¶ 8.  Regardless of the scope of the problem and DHS's authority to solve it in the future (neither of which are ripe for consideration by this Court), the entire problem can be avoided by the Court extending its stay of vacatur by ninety days.

Accordingly, the agency's request is both reasonable and necessary.  Limited relief under Rule 60(b)(6), in the form of a ninety-day extension of the stay of vacatur, is therefore justified.

### 3. In the event the Court denies DHS's Rule 60(b)(6) motion, DHS requests clarification from the Court on its Order issued on August 12, 2015.

In the event the Court denies DHS's Rule 60(b)(6) motion, the agency respectfully requests that the Court clarify that its vacatur will not affect the legal status of F-1 students holding unexpired EADs granted under the 2008 STEM OPT Extension rule, and their dependents. DHS previously stated that in addition to the confusion and disarray that would be caused by the immediate vacatur of the 2008 IFR, such vacatur would also affect the status of some students who had already benefited from the rule prior to it being vacated. *See* Def.'s Opp. Memo., ECF No. 36 at 43-44. The Court has not ruled on this matter directly, *see* ECF Nos. 43, 44, and the balance of interests weigh heavily on the side of protecting the many F-1 students and their families, schools, and employers that have justifiably relied on the 2008 IFR. Given that the 2008 STEM OPT Extension rule remained lawful and that these EADs were issued pursuant to regulations that were effective and valid at the time of approval, DHS believes that the employment authorization granted to these individuals remains lawful. *See, e.g.*, *Heartland Reg'l Med. Ctr. v. Sebelius*, 566 F.3d 193, 199 (D.C. Cir. 2009) (discussing "invalidated" vs. "vacated"). Moreover, as the Court only found the rule to be procedurally defective, and not *ultra vires*, it would result in significant harm to employers and students to take away a benefit that is consistent with the statute.

**CONCLUSION**

For the reasons indicated, this Court has jurisdiction over DHS's Rule 60(b)(6) motion and should extend the stay of vacatur of the 2008 STEM OPT Extension rule for ninety (90) days through May 10, 2016.

If the Court denies DHS's Rule 60(b)(6) motion, the agency respectfully requests the Court clarify that its vacatur will not affect the legal status of F-1 students holding unexpired EADs granted under the 2008 STEM OPT Extension rule, and their dependents.

Finally, based on the circumstances of this case, DHS respectfully requests the Court issue its decision in this matter as expeditiously as possible.

DATED:  January 14, 2016                                    Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

LEON FRESCO
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Senior Litigation Counsel

By: *s/Glenn M. Girdharry*
GLENN M. GIRDHARRY
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4807
Fax: (202) 305-7000
Email: glenn.girdharry@usdoj.gov

**CERTIFICATE OF SERVICE**

    I certify that on January 14, 2016, I electronically filed the foregoing DEFENDANT'S REPLY BRIEF with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to the following attorney of record:

John Michael Miano
E101 103 Park Avenue
Summit, NJ 07901
(908) 273-9207
miano@colosseumbuilders.com

DATED:  January 14, 2016

                                           *s/ Glenn M. Girdharry*
                                           GLENN M. GIRDHARRY
                                           Assistant Director
                                           United States Department of Justice
                                           Civil Division